UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

| | |
|---|---|
| NECHAMA GROSS, | : |
| Plaintiff, | : <br> : <br> : |
| | : Case No._____ |
| | : |
| | : |
| v. | : **COMPLAINT FOR VIOLATIONS OF** <br> : **THE FEDERAL SECURITIES LAWS** |
| | : |
| ALERISLIFE, INC., JENNIFER B. CLARK, | : **JURY TRIAL DEMANDED** |
| BRUCE M. GANS, MICHAEL E. WAGNER, | : |
| BARBARA D. GILMORE, ADAM D. | : |
| PORTNOY, DONNA D. FRAICHE, and | : |
| GERARD M. MARTIN, | : |
| Defendants. | : |
| | : |

------------------------------------------------------------

Plaintiff Nechama Gross ("Plaintiff"), by and through her undersigned counsel, for her complaint against defendants, alleges upon personal knowledge with respect to herself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action against AlerisLife, Inc. ("AlerisLife" or the "Company") and the members of its Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), and to enjoin the expiration of a tender offer (the "Tender Offer") on a proposed transaction, pursuant to which

AlerisLife will be acquired by ABP Acquisition LLC ("ABP"), through ABP's subsidiary ABP Acquisition 2 LLC ("Purchaser") (the "Proposed Transaction").

2.      On February 3, 2023, AlerisLife issued a press release announcing its entry into an Agreement and Plan of Merger (the "Merger Agreement") dated February 2, 2023, to sell AlerisLife to ABP.  Under the terms of the Merger Agreement, ABP will acquire each outstanding share of AlerisLife common stock for $1.31 in cash (the "Offer Price").  Pursuant to the Merger Agreement, Purchaser commenced the Tender Offer on February 17, 2023.  The Tender Offer is scheduled to expire at one minute after 11:59 p.m. Eastern Time on March 17, 2023.

3.      On February 17, 2023, AlerisLife filed a Solicitation/Recommendation Statement on Schedule 14D-9 (the "Recommendation Statement") with the SEC.  The Recommendation Statement, which recommends that AlerisLife stockholders tender their shares in favor of the Tender Offer, omits or misrepresents material information concerning, among other things: (i) AlerisLife management's financial projections; and (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by the Special Committee of the Board's financial advisor Citigroup Global Markets Inc. ("Citi").  Defendants authorized the issuance of the false and misleading Recommendation Statement in violation of Sections 14(d), 14(e) and 20(a) of the Exchange Act.

4.      In short, the Proposed Transaction will unlawfully divest AlerisLife's public stockholders of the Company's valuable assets without fully disclosing all material information concerning the Proposed Transaction to Company stockholders.  To remedy defendants' Exchange Act violations, Plaintiff seeks to enjoin the expiration of the Tender Offer unless and until such problems are remedied.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over the claims asserted herein for violations of Sections 14(d)(4), 14(e) and 20(a) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6.    This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff's claims arose in this District, where a substantial portion of the actionable conduct took place, where most of the documents are electronically stored, and where the evidence exists.  AlerisLife's common stock trades on the Nasdaq Capital Market, which is headquartered in this District, rendering venue in this District appropriate.

## PARTIES

8.    Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of AlerisLife.

9.    Defendant AlerisLife is a Maryland corporation, with its principal executive offices located at Two Newton Place, 255 Washington Street, Suite 230, Newton, Massachusetts 02458. AlerisLife operates and manages senior living communities in the United States.  AlerisLife's common stock is traded on the Nasdaq Capital Market under the ticker symbol "ALR."

10.    Defendant Jennifer B. Clark ("Clark") has been a director of the Company since 2020.

11.     Defendant Bruce M. Gans ("Gans") has been a director of the Company since 2001.

12.     Defendant Michael E. Wagner ("Wagner") has been a director of the Company since 2020.

13.     Defendant Barbara D. Gilmore ("Gilmore") has been a director of the Company since 2004.

14.     Defendant Adam D. Portnoy ("Portnoy") has been Chair of the Board since 2019, and Managing Director of the Company since 2018.

15.     Defendant Donna D. Fraiche ("Fraiche") has been Lead Independent Director since 2019 and a director of the Company since 2010.

16.     Defendant Gerard M. Martin ("Martin") has been a director of the Company since 2020.

17.     Defendants identified in paragraphs 10 to 16 are collectively referred to herein as the "Board" or the "Individual Defendants."

## OTHER RELEVANT ENTITIES

18.     ABP is a wholly owned subsidiary of ABP Trust, whose sole trustee and controlling shareholder is defendant Portnoy.

19.     Purchaser is a Maryland limited liability company and a wholly owned subsidiary of ABP.

## SUBSTANTIVE ALLEGATIONS

### Company Background

20.     AlerisLife is a holding company formerly known as Five Star Senior Living Inc. The Company conducts substantially all its business through two segments: (i) residential (formerly known as senior living) through AlerisLife's brand Five Star Senior Living ("Five Star") and (ii) lifestyle services (formerly known as rehabilitation and wellness services) primarily

through its brands Ageility Physical Therapy Solutions and Ageility Fitness (collectively "Ageility") as well as Windsong Home Health.

21.    On November 2, 2022, AlerisLife announced its third quarter 2022 financial results and business developments.  Net loss for the third quarter of 2022 was $8.5 million, or $0.27 per diluted share, compared to a net loss of $8.8 million, or $0.28 per diluted share, for the second quarter of 2022, and a net loss of $10.2 million, or $0.32 per diluted share, for the third quarter of 2021.  Earnings before interest, taxes, depreciation and amortization, for the third quarter of 2022 were $(4.1) million compared to $(4.4) million for the second quarter of 2022 and $(7.0) million for the third quarter of 2021.  RevPAR (resident fee revenues for the corresponding portfolio for the period divided by the average number of available units for the corresponding portfolio for the period, divided by the number of months in the period) for the comparable managed communities for the third quarter of 2022 was $3,200 compared to $3,077 for the second quarter of 2022 and $2,941 for the third quarter of 2021, an increase of 4.0% and 8.8%, respectively.  Reflecting on the Company's progress and looking to the future, Company President, and Chief Executive Officer ("CEO") Jeff Leer stated:

> We continued to make steady progress implementing our plan to improve our operating results and drive efficiencies in our organization throughout the third quarter.  Owned and managed community occupancy increased 290 basis points and 160 basis points, respectively, or 180 basis points across all residential senior living communities, as we continue to enhance our sales and marketing strategies. We also rounded out our executive team with the addition of Heather Pereira as our new Chief Financial Officer and Philip Benjamson as our new Chief Operating Officer.  We ended the quarter with sufficient liquidity to execute on our restructuring plan and, following approximately $3.8 million of capital improvements invested in our owned senior living communities in the third quarter, we had $79.1 million of cash at quarter-end and no debt maturities until 2025.

**The Proposed Transaction**

22.     On February 3, 2023, AlerisLife and ABP issued a joint press release announcing

the Proposed Transaction.  The press release states, in relevant part:

> NEWTON, Mass.--(BUSINESS WIRE)-- AlerisLife Inc. (Nasdaq: ALR) today
> announced that it has entered into a definitive agreement with ABP Acquisition
> LLC, or ABP, under which ABP will acquire all of the outstanding shares of ALR
> common stock for $1.31 per share in cash, which represents an 85% premium to
> the average trading price of the last 30 trading days of $0.71 per share.  The total
> consideration to be paid to stockholders in the transaction is approximately $43.8
> million and is not subject to any financing condition.  ABP is majority owned and
> controlled by Adam Portnoy, one of ALR's managing directors and the chair of its
> Board of Directors.
>
> ABP plans to acquire ALR through a tender offer which will be subject to, among
> other things, a number of shares being tendered in the tender offer that, together
> with the shares owned by ABP and its affiliates, represent a majority of ALR shares.
> ABP together with its affiliates currently own approximately 6.1% of ALR's
> outstanding shares of common stock. Diversified Healthcare Trust (Nasdaq: DHC),
> which holds approximately 31.9% of the outstanding shares of ALR common stock,
> has also consented to the transaction and has agreed to tender its shares in the tender
> offer.  Promptly following completion of the tender offer, ABP will acquire all
> remaining shares of ALR at the same price of $1.31 per share in cash through a
> merger.  The tender offer is expected to launch promptly, and the Board will
> recommend that shareholders tender their shares.  The transaction is expected to be
> completed in the first quarter of 2023.
>
> The transaction was unanimously recommended by a special committee of the ALR
> Board of Directors comprised entirely of independent directors and approved by
> the ALR Board of Directors.  The special committee engaged Citigroup Global
> Markets Inc. as its financial advisor in connection with the transaction.

**Insiders' Interests in the Proposed Transaction**

23.     AlerisLife insiders are the primary beneficiaries of the Proposed Transaction, not

the Company's public stockholders.  The Board and the Company's executive officers are

conflicted because they will have secured unique benefits for themselves from the Proposed

Transaction not available to Plaintiff and the public stockholders of AlerisLife.

24.    Notably, AlerisLife insiders stand to reap substantial financial benefits for securing the deal with ABP.  The following table sets forth the value of cash payments the Company's executive officers and directors stand to receive in connection with tendering their shares in the Tender Offer:

| | Number of Shares (#) | Cash Value of Shares ($) |
|---|---|---|
| **Executive Officers:** | | |
| Jeffrey C. Leer | 95,863 | 125,581 |
| Heather Pereira | 6,476 | 8,484 |
| Philip Benjamson | 6,435 | 8,430 |
| **Directors:** | | |
| Jennifer B. Clark | 66,373 | 86,949 |
| Donna D. Fraiche | 40,100 | 52,531 |
| Bruce M. Gans, M.D. | 43,194 | 56,584 |
| Barbara D. Gilmore[3] | 44,075 | 57,738 |
| Gerard M. Martin | 60,451 | 79,191 |
| Adam D. Portnoy[1] | 57,332 | 75,105 |
| **All directors and executive officers as a group (9 persons)[1]** | 420,299 | 550,593 |

25.    Moreover, under the terms of the Merger Agreement, Company share awards will be converted into the right to receive cash payments upon consummation of the Proposed Transaction.  The following table sets forth the value of cash payments that AlerisLife's directors and executive officers stand to receive in connection with the consummation of the merger pursuant to their Company equity awards:

| | Company Share Award (#) | Aggregate Company Share Award Payment ($)[1] |
|---|---|---|
| **Executive Officers:** | | |
| Jeffrey C. Leer | 337,500 | 442,125 |
| Heather Pereira | 40,000 | 52,400 |
| Philip Benjamson | 40,000 | 52,400 |
| **Directors:** | | |
| Jennifer B. Clark | 56,200 | 73,622 |

26.    Further, if they are terminated in connection with the Proposed Transaction, AlerisLife's named executive officers will receive substantial cash severance payments in the form of golden parachute compensation, as set forth in the following table:

| Name | Cash ($) | Equity ($)[1] | Perquisites / Benefits ($) | Total ($) |
|---|---|---|---|---|
| Jeffrey C. Leer | — | 442,125 | — | 442,125 |
| Heather Pereira | — | 52,400 | — | 52,400 |
| Philip Benjamson | — | 52,400 | — | 52,400 |

**<u>The Recommendation Statement Contains Material Misstatements or Omissions</u>**

28.    The defendants filed a materially incomplete and misleading Recommendation Statement with the SEC and disseminated it to AlerisLife's stockholders. The Recommendation Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to tender their shares in the Tender.

29.    Specifically, as set forth below, the Recommendation Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (i) AlerisLife management's financial projections; AND (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Citi.

***Material Omissions Concerning AlerisLife Management's Financial Projections***

30.    The Recommendation Statement omits material information regarding Company management's financial projections.

31.    For example, with respect to the "December 2022 Forecast" and the "Revised Forecast" the Recommendation Statement fails to disclose the line items used to derive the Company's Unlevered Free Cash Flow.

32.    The omission of this information renders the statements in the "Certain Prospective Financial Information" section of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act.

***Material Omissions Concerning Citi's Financial Analyses***

33.    The Recommendation Statement describes Citi's fairness opinion and the various valuation analyses performed in support of its opinion. However, the description of Citi's fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses. Without this information, as described below, AlerisLife's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Citi's fairness opinion in determining whether to tender their shares in the Tender Offer.

34.    With respect to Citi's *Selected Precedent Transactions Analysis*, the Recommendation Statement fails to disclose the individual multiples and financial metrics for each of the transactions analyzed.

35.    With respect to Citi's *Company Discounted Cash Flow Analysis*, the Recommendation Statement fails to disclose: (i) the terminal year unlevered after-tax free cash flows to which Citi applied perpetual growth rates to in deriving the Company's terminal value; (ii) the terminal values of the Company; and (iii) quantification of the inputs and assumptions underlying the discount rate range of 17.7% to 19.8%.

36.     The omission of this information renders the statements in the "Opinion of Financial Advisor to the Special Committee" section of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act.

37.     The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Recommendation Statement.  Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other AlerisLife stockholders will be unable to make an informed decision whether to tender their shares in the Tender Offer and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations
of Section 14(d) of the Exchange Act and SEC Rule 14d-9**

27.     Plaintiff repeats all previous allegations as if set forth in full.

28.     Defendants have caused the Recommendation Statement to be issued with the intention of soliciting AlerisLife stockholders to tender their shares in the Tender Offer.

29.     Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

30.     The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Recommendation Statement false and/or misleading.

31.     Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Recommendation Statement, causing certain statements

therein to be materially incomplete and therefore misleading. Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Recommendation Statement, rendering certain portions of the Recommendation Statement materially incomplete and therefore misleading.

32.     The misrepresentations and omissions in the Recommendation Statement are material to Plaintiff and the other stockholders of AlerisLife, who will be deprived of their right to make an informed decision whether to tender their shares if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## **COUNT II**

**Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act**

33.     Plaintiff repeats all previous allegations as if set forth in full.

34.     Defendants violated Section 14(e) of the Exchange Act by issuing the Recommendation Statement in which they made untrue statements of material facts or failed to state all material facts necessary to make the statements made, in light of the circumstances under which they are made, not misleading, or engaged in deceptive or manipulative acts or practices, in connection with the Tender Offer.

35.     Defendants knew that Plaintiff would rely upon their statements in the Recommendation Statement in determining whether to tender her shares pursuant to the Tender Offer.

36.     As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender her shares.

## COUNT III

### Claims Against the Individual Defendants for
### Violation of Section 20(a) of the Exchange Act

37.      Plaintiff repeats all previous allegations as if set forth in full.

38.     The Individual Defendants acted as controlling persons of AlerisLife within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers or directors of AlerisLife and participation in or awareness of the Company's operations or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

39.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement and other statements alleged by Plaintiff to be misleading prior to or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

40.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein and exercised the same.  The Recommendation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed

Transaction.  They were, thus, directly involved in the making of this document.

41.    In addition, as the Recommendation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.  The Recommendation Statement purports to describe the various issues and information that they reviewed and considered — descriptions which had input from the Individual Defendants.

42.    By virtue of the foregoing, the Individual Defendants have violated section 20(a) of the Exchange Act.

43.    Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of AlerisLife, and against defendants, as follows:

A.    Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.    In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.    Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

D.    Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: March 3, 2023

**WEISS LAW**

/**s**/ *Michael A. Rogovin*

Michael Rogovin
305 Broadway, 7th Floor
New York, NY 10007
Tel: (212) 682-3025
Fax: (212) 682-3010

*Attorneys for Plaintiff*